IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

DIN OGAN SHANGO SMITH,

Plaintiff,

v.

YVONNE LAMOUREUX; ANCHORAGE POLICE DEPARTMENT; AWAIC WOMEN'S SHELTER; NINESTAR PROGRAM; STELLA BROWNLEE; THOMAS A. MATTHEWS; STATE OF ALASKA SUPERIOR COURT; SUPERIOR COURT CLERK A. DEPUE; APD OFFICER SMITH; WILLIAM BAYNARD; ALASKA NETWORK ON DOMESTIC VIOLENCE AND SEXUAL ASSAULT; MADINE HENDERSON; JULIE HAMMOND; and DOES 1-50, et al.,

Defendants.

Case Nos. 3:26-cv-00198-RRB
3:26-cv-00203-RRB
3:26-cv-00213-RRB

**ORDER OF DISMISSAL UPON SCREENING**

## I. INTRODUCTION

Between May 18 and May 28, 2026, self-represented litigant DIN OGAN SHANGO SMITH ("Plaintiff") filed three federal civil complaints in the above-captioned cases pursuant to 42 U.S.C. § 1983. Plaintiff also filed an application to waive the filing fee in each case. In one case, Plaintiff also filed a Motion for Declaratory and Injunctive Relief with a supporting memorandum and affidavit.[1]

[1] Case 3:26-cv-00203-RRB, Dockets 4, 5, and 6.

Plaintiff's Complaints allege violations of his constitutional rights during and in relation to state court proceedings involving domestic violence, parental rights, and custody, including violations of due process, fundamental parental rights, and equal protection, as well as violations of the First, Fourth, Fifth, and Fourteenth Amendments. He names state court judges, administrators, and a guardian ad litem (GAL); the Anchorage Police Department, including named and unnamed officers; AWAIC women's shelter; the Alaska Network on Domestic Violence and Sexual Assault (ANDVSA); the Ninestar program, including named caseworkers; and one attorney. He seeks declaratory and injunctive relief, suppression of evidence, compensatory and punitive damages, and other costs, with total damages estimated between $2.5 million to $25 million.[2]

The Court now has screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this Order, the Complaint fails to state a claim for which relief may be granted. As explained below, Plaintiff's claims related to state court custody proceedings—whether ongoing or closed—cannot proceed in federal court. Additionally, Plaintiff names improper defendants. Therefore, the Complaints are DISMISSED. Because there are no additional facts that could possibly cure the deficiencies, the Court finds that allowing leave to file amended complaints would be futile.[3]

---

[2] Case 3:26-cv-00213 RRB, Docket 1 at 4–5.

[3] *Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1041 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because the defects in the complaint could not be cured by additional factual allegations)*; Carrico v. City & Cnty. of San Francisco,* 656 F.3d 1002, 1008 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because plaintiffs failed to allege a viable legal theory).

## II. APPLICABLE LAW

Federal law requires a district court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[4] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[5]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[6] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[7] A federal court cannot act as counsel for a self-represented litigant, such as by supplying the essential elements of a claim;[8] and it is not a court's responsibility to review exhibits to identify possible claims. Generally, the scope of review is limited to

---

[4] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 10 76 (9th Cir. 2014) (en banc).

[5] 28 U.S.C. § 1915(e)(2)(B).

[6] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[7] *Doe I v. Wal-Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[8] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

the contents of the complaint, but a court also may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[9] However, documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[10]

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[11] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[12] A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the screening court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13]

If a federal court dismisses a complaint, then ordinarily, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."[14]

---

[9] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003). Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (12th ed. 2024); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[10] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[11] Fed. R. Civ. P. 8(a)(2).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[13] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

[14] *Lopez v. Smith,* 203 F.3d at 1127.

## III. DISCUSSION

### A. State Proceedings

Domestic relations disputes, including divorce, alimony, and child custody, are matters of state law within the province of the state courts.[15] Here, the Court takes judicial notice of the long-term domestic violence protective order against Plaintiff, as to the mother of his child, in state court case number 3AN-25-02724 CI, and the pending divorce case number 3AN-25-10197 CI. Additionally, Plaintiff has attached a state court order dated May 21, 2026, as an exhibit to his complaint in case number 3:26-cv-00213.[16] The state court order references numerous findings of domestic violence on the part of Plaintiff, that the mother of Plaintiff's child has sole legal and primary physical custody of that child, and that Plaintiff has only supervised visitation. The order also requires Plaintiff to complete an in-person, state-approved, 36-week domestic violence intervention program and a 12-week parenting education program. Litigation in this state court matter is ongoing, with trial scheduled in October.

The *Younger* abstention doctrine and the *Rooker-Feldman* doctrine serve distinct but related purposes in limiting federal court intervention in state court proceedings. Both doctrines are rooted in principles of federalism, comity, and respect for state judicial processes.

The *Younger* abstention doctrine, established in *Younger v. Harris*,[17]

---

[15] *See Buechold v. Ortiz,* 401 F.2d 371, 372 (9th Cir. 1968) (citations omitted).
[16] Docket 1-1.
[17] 401 U.S. 37 (1971).

prevents federal courts from disrupting state court proceedings "in the absence of great and immediate irreparable injury to the federal plaintiff."[18] The *Rooker-Feldman* doctrine establishes that lower federal courts, such as district courts, lack jurisdiction to review or invalidate state court judgments.[19] The doctrine applies not only to direct appeals of state court judgments, but also to cases where federal claims are "inextricably intertwined" with issues already decided by a state court.[20] *Rooker-Feldman* ensures that state appellate processes are respected and that federal courts do not undermine the finality of state court decisions.

All of Plaintiff's claims relate to state court cases involving domestic violence, divorce, and child custody. In fact, Plaintiff specifically requests a declaratory judgment that the state court proceedings were unconstitutional, thus voiding the state court orders.[21] But this Court lacks jurisdiction to review or invalidate state court orders and judgments. Insofar as state proceedings are ongoing, *Younger* abstention requires dismissal.[22] If the state court proceedings have concluded, then the *Rooker–Feldman* doctrine precludes the claims in this case.

---

[18] *Moore v. Sims,* 442 U.S. 415, 424 (1979) (applying *Younger* abstention doctrine to prevent federal court action seeking to enjoin pending state child custody proceeding brought by state authorities).

[19] *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). *See also Partington v. Gedan,* 961 F.2d 852, 864 (9th Cir. 1992) ("Under the 'Rooker–Feldman doctrine,' review of state court decisions may only be conducted in the United States Supreme Court.").

[20] *Noel v. Hall,* 341 F.3d 1148, 1158 (9th Cir. 2003).

[21] Case 3:26-cv-00213, Docket 1 at 5.

[22] *See H.C. ex rel. Gordon v. Koppel,* 203 F.3d 610, 613 (9th Cir. 2000) (dismissing case under *Younger* where parents sought "wholesale federal intervention into an ongoing state domestic dispute" involving child custody).

## B. Civil Rights Claims

Plaintiff alleges that various Defendants violated his rights under the First Amendment right to familial association, Fourth Amendment right against unreasonable interference, and Fourteenth Amendment rights to due process and equal protection.[23] He claims "deprivation of fundamental parental rights, emotional distress, reputational harm, interference with familial association, constitutional injury, mental anguish, financial hardship, litigation costs, and continuing irreparable harm."[24]

Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[25] To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[26] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[27] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[28]

---

[23] Docket 1 at 11. He also alleges non-specific violations of his Fifth Amendment rights.

[24] Case 3:26-cv-00213 RRB, Docket 1; Case 3:26-cv-00198 RRB, Docket 1 at 2.

[25] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[26] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[27] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[28] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997).

**(1) Defendants must be "persons"**

A defendant in a civil rights lawsuit must be a "person."[29] Further, the Eleventh Amendment to the U.S. Constitution protects states and state instrumentalities—the "arms of the state" such as the state's governmental branches and agencies—from being sued in federal court unless the state has waived its immunity.[30] The State of Alaska has not waived immunity for civil rights claims alleging violations of the federal Constitution in federal court. Therefore, Plaintiff's claims against the ALASKA SUPERIOR COURT are not viable in federal court and all claims against it must be dismissed.

The same is true for the ANCHORAGE POLICE DEPARTMENT, the ALASKA NETWORK ON DOMESTIC VIOLENCE & SEXUAL ASSAULT, AWAIC WOMEN'S SHELTER, and the NINESTAR PROGRAM.[31] None of these entities are "persons" under § 1983, and all claims against them must be dismissed.

**(2) Judicial and quasi-judicial immunity**

Judges are absolutely immune from civil liability for damages for acts performed in their judicial capacity.[32] Judicial immunity is an immunity from suit, not just the award of damages.[33] Judicial immunity applies even if a judge's actions were in error,

---

[29] 42 U.S.C. § 1983.

[30] *Doe v. Regents of the Univ. of Calif.*, 891 F.3d 1147, 1153 (9th Cir. 2018); *Alabama v. Pugh,* 348 U.S. 781 (1978).

[31] The Court takes judicial notice of the fact that Nine Star Education & Employment Services (Nine Star Enterprises, Inc.), ANDVSA, and AWAIC Women's shelter are non-profit organizations in Anchorage, Alaska.

[32] *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985). *See also Olsen v. Idaho State Bd. of Med*., 363 F.3d 916, 922 (9th Cir. 2004).

[33] *Mireles v. Waco,* 502 U.S. 9, 11 (1991).

malicious, or in excess of their authority.[34] Therefore, Plaintiff's constitutional claims against Superior Court Judge YVONNE LAMOUREUX and Magistrate THOMAS A. MATTHEWS must be dismissed.

Additionally, the Ninth Circuit has "extended absolute quasi-judicial immunity . . . to court clerks and other non-judicial officers for purely administrative acts—acts which taken out of context would appear ministerial, but when viewed in context are actually a part of the judicial function."[35] Plaintiff alleges that a state superior court clerk "participated in filing, docketing, processing, and/or administrative functions related to the challenged proceedings."[36] These are precisely the types of "ministerial" activities that are "part of the judicial function." Claims against A. DEPUE must be dismissed.

**(3) Guardian ad litem**

Plaintiff names Julie Hammond, guardian ad litem (GAL), as a Defendant. Although GALs are appointed by a state court, courts have consistently held that guardians ad litem do not act under color of state law, as their duties are performed independently and for the benefit of the child, not the state.[37] Therefore, Plaintiff cannot state a viable constitutional claim against JULIE HAMMOND.

---

[34] *Pierson v. Ray,* 386 U.S. 547, 554 (1967).

[35] *In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002), *as amended* (Sept. 6, 2002) (citing *Moore v. Brewster,* 96 F.3d 1240 (9th Cir. 1996)).

[36] Case 3:26-cv-00213, Docket 1 at 2.

[37] *See, e.g., Kirtley v. Rainey,* 326 F.3d 1088, 1093–96 (9th Cir. 2003) (holding that a court-appointed guardian ad litem in a custody dispute was not a state actor for § 1983 purposes, because she was not controlled by the state, was independent, and owed duties to the child, not the state); *Cox v. Hellerstein*, 685 F.2d 1098, 1099–1100 (9th Cir. 1982) (finding guardian ad litem immune from suit).

**(4) APD Officer Smith**

Plaintiff also names "APD Officer Smith, in his individual and official capacities," for "participat[ing] in actions affecting Plaintiff's liberty and parental rights."[38] However, Plaintiff does not suggest what conduct on the part of "APD Officer Smith" affected his "liberty and parental rights." Plaintiff fails to identify dates, locations, incidents, reports, searches, seizures, or any specific acts by Officer Smith. Such conclusory allegations without factual support fail to meet Rule 8 plausibility standards. A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.

When a police officer removes a child pursuant to a valid warrant or court order, the officer cannot be sued unless he exceeded its authority or knowingly used false evidence or deliberately omitted material facts to obtain a custody or removal order. A police officer who removes a child from parental custody <u>without</u> a court order or prevents the parent from regaining custody may be liable under both due process and unreasonable seizure principles for violation of the right to familial association.[39] But here there is a state court order demonstrating that the child's mother is his custodian, and Plaintiff has not alleged that the child was improperly removed from his custody. Because Plaintiff pleads no facts showing Officer Smith authored, submitted, or withheld any report, or that

---

[38] Case 3:26-cv-00213, Docket 1 at 2.
[39] *David v. Kaulukukui,* 38 F.4th 792 (2022).

Officer Smith took steps to interfere with Plaintiff's custody or visitation, the Complaint fails to state a claim under the Fourteenth Amendment.

To the extent Plaintiff intends to allege that a police report authored by Officer Smith was "not timely filed or properly admitted into the official court record" or that he was denied a meaningful opportunity to cross-exam Officer Smith,[40] such claims challenging the state court proceedings cannot proceed for the reasons explained above.

To the extent that Plaintiff intends to bring an unreasonable search or seizure claim against Officer Smith, he has not described any search, seizure, arrest, entry, or use of force. Moreover, the state court order denying Plaintiff's motion to dissolve the long-term protective order cautions Plaintiff that "[i]f you violate this order, a peace officer can arrest you without a warrant. Alaska Stat. § 12.25.030."[41] Without specific factual allegations linking Officer Smith to an improper seizure of Plaintiff's person, the Complaint fails to state a Fourth Amendment claim.

For these reasons, Plaintiff fails to state any federal claims against Officer Smith. Although amendment is likely futile, Plaintiff is accorded leave to file an amended complaint if he can state plausible federal claims demonstrating that Officer Smith was personally involved in the alleged constitutional violation,[42] and understands that Officer Smith may assert qualified immunity as a defense.[43]

---

[40] Case 3:26-cv-00213, Docket 1 at 3.

[41] Case 3:26-cv-00213, Docket 1-1.

[42] *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) ("Liability under § 1983 must be based on the personal involvement of the defendant.").

[43] *See Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002). *See also Cornel v. Hawaii,* 37 F.4th 527, 531 (9th Cir. 2022) ("[P]laintiffs may seek damages against a state

### (5) Other individuals

Plaintiff also claims that other individuals violated his constitutional rights. However, to be liable under Section 1983, a defendant must have been acting under color of state law. Constitutional claims against private parties, no matter how discriminatory or wrongful, are not viable in federal court unless their actions are attributable to a state or local government.[44] Therefore, Plaintiff has no viable Section 1983 claims against WILLIAM BAYNARD,[45] MADINE HENDERSON,[46] or STELLA BROWNLEE,[47] and such claims must be dismissed.

## C. State Law Claims

Plaintiff also alleges emotional distress/mental anguish and "continuing irreparable harm." These allegations are best described as tort claims grounded in state law that typically are addressed in state court. A state law claim may only proceed in federal court if the claim is supplemental to a cognizable federal claim,[48] or if the Court has diversity jurisdiction over the case.[49] Here, the parties are all citizens of the same state, so the Court does not have diversity jurisdiction over any state claims. And because

---

official in his personal capacity.").

[44] *Price v. State of Hawaii,* 939 F.2d 702, 708 (9th Cir. 1991); *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 936 (1982).

[45] Plaintiff also sues this individual as "Baynard Williams," identifying him as "counsel" in the state court proceedings.

[46] Identified by Plaintiff as a witness in the state court proceedings.

[47] Identified by Plaintiff as a Ninestar caseworker.

[48] A federal court can exercise supplemental jurisdiction over state law claims that arise out of the same transaction or occurrence as the claims set forth in the original complaint. *See* 28 U.S.C. § 1367.

[49] A federal court has diversity jurisdiction over actions between citizens of different states involving an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a).

Plaintiff has no viable federal claims against these individual defendants, the Court cannot and will not exercise supplemental jurisdiction over these state law claims.

Plaintiff also alleges "financial hardship," including litigation costs, and "fraud upon the court," presumably referring to the state court proceedings. Litigation costs are damages, not independent claims. And "fraud on the court is a theory which sometimes allows a plaintiff to seek relief from an existing judgement (generally in the court that issued that judgment), [but] 'no court has found that fraud on the court is an independent legal cause of action for which a plaintiff may recover damages.'"[50] Neither is a viable claim.

## IV. CONCLUSION

In summary, the Court lacks jurisdiction over claims involving state child custody proceedings; the state court judge overseeing those proceedings is immune from suit, as is her staff; state agencies are improper defendants; the private individuals are not state actors; and the Court does not have jurisdiction over any state tort claims. For these reasons, the Complaints must be dismissed. Plaintiff is accorded **60 days** to file an amended complaint only as to his claims against Officer Smith. Plaintiff must not restate claims that the Court has dismissed or bring any claims lacking a factual or legal basis.

If Plaintiff files an amended complaint in this case, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether the amended complaint may proceed to the next stage of litigation. Should the amended complaint

---

[50] *Thomas v. Monterey Cnty.*, 827 F. Supp. 3d 1275, 1280 (N.D. Cal. 2026) (citations omitted).

proceed beyond the screening stage, the Court will order service of that complaint on Defendant. Plaintiff must not attempt to serve Defendant until the Court so orders.

Alternatively, Plaintiff may file a notice of voluntary dismissal in which he elects to close this case.

IT IS THEREFORE ORDERED:

1. The Complaints in all three above-captioned cases are **DISMISSED.**

2. Plaintiff is accorded leave to amend his claims **against Officer Smith in Case 3:26-cv-00213-RRB only.**

3. Plaintiff's motion to proceed without paying the filing fee in Case 3:26-cv-00213-RRB at **Docket 2 is GRANTED.**

4. The Clerk shall issue a final judgment and close case nos. 3:26-cv-00198 RRB and 3:26-cv-00203 RRB.

5. Any remaining motions in each case are **DENIED as moot**.

6. If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form within 60 days of the date of this Order, Case **3:26-cv-00213-RRB** shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff for failure to state a claim.

7. Self-represented litigants must review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[51]

---

[51] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented

Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

8. With this Order, the Clerk is directed to send: (1) form PS15, with "FIRST AMENDED" written above the title "Complaint for Violation of Civil Rights"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

IT IS SO ORDERED this 19th day of August, 2026, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

---

parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.